985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John LEMMON, Petitioner-Appellee,
v.
STATE OF OHIO, Respondent-Appellant.
 No. 92-3284.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1993.
 
 Before KEITH, DAVID A. NELSON and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 The State of Ohio appeals from the district court's conditional grant of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court found that the state court conviction of rape and sexual imposition was unconstitutional because the petitioner's constitutional right of confrontation had been violated during his trial. Specifically, the district court found that the petitioner had effectively been denied the right to explore with the alleged victim her past history of making similar false and unsubstantiated charges.
 
 
 2
 Having carefully considered the record and issues presented in the briefs and at oral argument, we find no error warranting reversal. Therefore, we AFFIRM the decision of Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, for the reasons set forth in his memorandum opinion, adopting the analysis contained in the Report and Recommendation of Magistrate Judge James S. Gallas.
 
 
 3
 DAVID A. NELSON, Circuit Judge, concurring.
 
 
 4
 The highly unusual facts of this case suggest to me that the state trial court's improper exclusion of evidence that the alleged victim had a history of making false charges of rape "probably resulted in the conviction of one who is actually innocent." See Murray v. Carrier, 477 U.S. 478, 496 (1986), where the Supreme Court said that "in an extraordinary case" of this sort, "a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." I would affirm the judgment of the district court on that basis, without deciding whether the court was correct in its view as to whether the relevant state court decision rested on a state procedural bar.